IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JUSTIN S. CANTINO | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:17-0499 |
| | ) | Trauger/Holmes |
| RICHARD ROE and JOHN DOE | ) | |

**O R D E R**

Counsel for the plaintiff was suspended from practicing law by the Tennessee Supreme Court, effective as of March 16, 2019. By order entered on February 14, 2019 (Docket No. 11), the Court required the plaintiff to file a notice, by no later than February 28, 2019, explaining why the case should not be dismissed for the plaintiff's failure to have taken any action to prosecute the claims against the unnamed defendants, referred to as Police Officer John Doe and Police Officer Richard Roe (*see* Docket No. 1 at 4). The February 14 order also provided that the case would be dismissed if no such filing was made. No filing was made by the deadline of February 28, 2019.

By order entered on March 1, 2019, Judge Trauger referred this case to the undersigned to confirm that "[Plaintiff] has been notified of this Court's Order of February 14, 2019 (Docket No. 11) and does not wish to further pursue this case." Docket No. 12 at 1. Without any known address for Plaintiff and there being no other known defendants remaining, the Court set the case for a status conference on March 14, 2019, with the plaintiff and his counsel ordered to appear (given that counsel's suspension was not effective until March 16). *See* Order at Docket No. 13. A copy of the Order was mailed to the plaintiff's attorney, as well as by electronic service through

1

the Court's CM/ECF system. *Id*. The order also provided that failure to appear by either the plaintiff or his attorney would be an additional basis for dismissal of this case. *Id*.

Not surprisingly, neither the plaintiff nor his attorney appeared on March 14. The undersigned magistrate judge knows of no other means by which to confirm the plaintiff's intentions in this case, given the lack of response by the plaintiff's counsel of record during the time he was obligated under the Tennessee Rules of Professional Conduct and disciplinary proceeding enforcement rules to wind down his representation of existing clients. *See* Tenn. Sup. Ct. R. 9, § 12.3(c) (an order of temporary suspension does not preclude the attorney from continuing to represent existing clients during the first 30 days after the effective date of the order of temporary suspension). However, the failure of the plaintiff and his attorney to comply with the Court's scheduling orders and to appear for the status conference on March 14 each independently provides grounds for dismissal under Rule 16(f), particularly given the repeated warnings that this case would be dismissed. Fed. R. Civ. P. 16(f)(A) and (C) (court may issue "any just order," including dismissal, if a party or its attorney fails to appear at a scheduling or other pretrial conference or fails to obey a scheduling or other pretrial order).

Additionally, and perhaps more importantly, any amendment by the plaintiff to name the unnamed defendants is now time-barred. The plaintiff's claims are brought under 42 U.S.C. § 1983 for incidents that occurred on February 14, 2016. *See* Memorandum Opinion, Docket No. 7 at 1-2. For § 1983 claims, the governing statute of limitations is provided by the law of the state in which the suit is brought. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). Tennessee law provides a one-year statute of limitations for civil actions brought under federal rights statutes. Tenn. Code Ann. § 28-3

104(a)(3); *Roberson*, 399 F.3d at 794; *see also Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

The plaintiff's claims against the unnamed police officers, John Doe and Richard Roe, cannot now be pursued against named parties as the statute of limitations expired on February 14, 2017. Sixth Circuit precedent clearly holds that "replacing a John Doe with a named party in effect constitutes a change in the party sued," in other words adds a party, which cannot be done after the statute of limitations has run. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (internal citation omitted) (internal quotation marks and citation omitted). Because any amendment by plaintiff to add named parties in place of the unnamed defendants is barred by the statute of limitations that has long since expired, those remaining claims may be dismissed.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge